

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| PETRA MARIA KIRKENDALL,, | * * | CIV. 06-4043 |
| Plaintiff, | * * * | MEMORANDUM OPINION AND ORDER |
| vs. | * * |  |
| SHUR-COMPANY, a/k/a SHUR-CO., | * * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Petra Maria Kirkendall, is a former employee of Defendant, Shur-Company (Shur-Co), and an American citizen of Mexican descent. Shur-Co is a manufacturer of custom-made tarpaulin covers for agricultural and commercial transport vehicles. Shur-Co employed Plaintiff as "CNC Cutter" in August of 2003 and terminated her employment in October of 2004. Plaintiff brought this action alleging discrimination based on national origin in violation of S.D.C.L. § 20-13-10; discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964 (as amended); retaliation in violation of S.D.C.L. Ch. 20-13; and retaliation in violation of Title VII of the Civil Rights Act of 1964 (as amended). Shur-Co moved for summary judgment in its favor on all of Plaintiff's claims. Doc. 36. For the reasons set forth in this memorandum opinion Shur-Co's motion for summary judgment will be granted with regard to all of Plaintiff's claims.

Principles of Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The

moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Eighth Circuit has observed that "summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based." *Hindman v. Transkrit Corp.*, 145 F.3d 986, 990 (8th Cir.1998), *quoted in Kells v. Sinclair Buick–GMC Truck, Inc.*, 210 F.3d 827, 830 (8th Cir. 2000). However, the Eighth Circuit has also noted "there is no 'discrimination case exception' to the application of Fed.R.Civ.P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial." *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005) (quoting *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir.1999)); *see also, Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1118 (8th Cir. 2006)(no separate summary judgment standard exists for discrimination or retaliation cases).

Local Rule 56.1

The local rules for this district require that the moving party on a motion for summary judgment submit a statement of the material facts as to which it contends there is no genuine issue to be tried. D.S.D. CIV. LR 56.1(A). The opposing party is required to respond to each numbered paragraph in the moving party's Statement of Material Facts, and to identify any material facts as to which it is contended that there exists a genuine material issue to be tried. D.S.D. CIV. LR 56.1(B). All material facts set forth in the moving party's Statement of Material Facts are deemed admitted if not controverted by the statement required to be served by the party opposing summary judgment. D.S.D. CIV. LR 56.1(D). *See also, On Target Sporting Goods, Inc. v.. Attorney General of the United States*, 472 F.3d 572, 574 (8th Cir. 2007).

## SHUR-CO IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR DISCRIMINATION BASED ON NATIONAL ORIGIN.

As the Court announced from the bench at the pretrial hearing on May 14, 2007, all the documents on file establish that Shur-Co is entitled to summary judgment on Plaintiff's claims for discrimination based on national origin[1]. To establish a prima facie case of race discrimination, Plaintiff must show: (1) she is a member of a protected class, (2) she was meeting her employer's legitimate job expectations, (3) she suffered an adverse employment action, and (4) "similarly situated employees outside the protected class were treated differently." *Shanklin v. Fitzgerald,* 397 F.3d 596, 602 (8th Cir. 2005); *Tolen v. Ashcroft,* 377 F.3d 879, 882 (8th Cir.2004). A plaintiff can show the fourth element by providing "some other evidence that would give rise to an inference of unlawful discrimination." *Turner v. Gonzalez,* 421 F.3d 688, 694 (8th Cir.2005).

Paragraphs 10 through 19 of Shur-Co's Statement of Undisputed Material Facts establish that Plaintiff was not meeting her employer's legitimate job expectations before and at the time of her termination. Paragraph 40 of Shur-Co's Statement of Undisputed Material Facts states: "Given Shur-Co.'s prolonged efforts to work with Plaintiff to address her performance issues and Plaintiff's resistance to these efforts and refusal to take ownership of her mistakes, Jason Koller decided to terminate Plaintiff's employment." Doc. 37. Plaintiff failed to establish a prima facie case of race discrimination.

## SHUR-CO IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR RETALIATORY DISCHARGE.

The burden shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), applies to the analysis of retaliation claims. To prove a Title VII retaliation claim[2],

---

[1] The South Dakota Supreme Court has interpreted S.D.C.L. § 20-13-10 to be a statute "comparable to the corresponding provision in Title VII" and has interpreted S.D.C.L. § 20-13-10 in accordance with federal case law construing Title VII. *Huck v. McCain Foods,* 479 N.W.2d 167, 169 (S.D.1991)

[2] The applicable state law, S.D.C.L. § 20-13-26, provides:
It is an unfair or discriminatory practice for any person, directly or indirectly; to conceal any unlawful discrimination; to aid, abet, compel, coerce, incite, or induce another person to discriminate; or by any means, trick, artifice, advertisement, or sign, or use any form of application, or make any record or

3

Plaintiff must make a prima facie showing of the following elements: (1) she engaged in protected conduct; (2) a reasonable employee would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 618 (8th Cir.2007). Only the third element is in dispute in this case.

Shur-Co's Statement of Undisputed Material Facts present a close temporal proximity between Plaintiff voicing her complaint of race discrimination to the production manager on September 28, 2004, and being fired by the production manager on October 4, 2004. "An inference of a causal connection between a charge of discrimination and termination can be drawn from the timing of the two events, but in general, more than a temporal connection is required to present a genuine factual issue on retaliation." *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1118 (8th Cir. 2006) (citing *Peterson v. Scott County*, 406 F.3d 515, 524 (8th Cir.2005)). *See also, Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir.1999) (en banc) ( temporal proximity insufficient to create a material issue of fact when "intervening unprotected conduct eroded any causal connection that was suggested by the temporal proximity of [Plaintiff's] protected conduct and his termination").

Temporal proximity can, in some cases, be sufficient to show a prima facie case under *McDonnell Douglas*. *See O'Bryan v. KTIV Television*, 64 F.3d 1188, 1193-94 (8th Cir.1995). Here, the voicing of Plaintiff's complaint of race discrimination to the production manager was followed within a week by the termination of Plaintiff's employment. The temporal proximity between Plaintiff's complaint of race discrimination and the termination of her employment is sufficient to constitute a prima facie showing of retaliation. *See, e.g., Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 834 (8th Cir.2002)(2-week interval between taking FMLA leave and discharge sufficient to prove causal connect between exercise of rights and adverse employment action).

---

inquiry, or device whatsoever to bring about or facilitate discrimination; or to engage in or threaten to engage in any reprisal, economic or otherwise, against any person by reason of the latter's filing a charge, testifying or assisting in the observance and support of the purposes and provisions of this chapter.

4

Since Plaintiff established a prima facie showing of retaliation, the burden now shifts to Shur-Co to assert a legitimate nondiscriminatory reason for the termination of Plaintiff's employment. Shur-Co's Statement of Undisputed Material Facts establishes that Plaintiff was not meeting her employer's legitimate job expectations before and at the time of her termination. Plaintiff received a performance rating between "Needs Improvement" and "Meets Job Requirements" in the area of quality, when Shur-Co expected its employees to receive a "Meets Job Requirements" in all performance areas, and considered any lower rating to be unsatisfactory. During the summer of 2004, the production manager discussed his continuing concerns about Plaintiff's performance with the day shift truxedo area leader who persuaded the production manager to allow the day shift truxedo area leader to continue to work with Plaintiff to try to improve her performance. Shur-Co provided a legitimate nondiscriminatory reason for the termination of Plaintiff's employment. Plaintiff then had the opportunity to demonstrate that the proffered reason was not the true reason for the termination of her employment, but was a mere pretext for unlawful discrimination.

There are at least two routes by which Plaintiff could have demonstrated a material question of fact at this final stage of the *McDonnell Douglas* analysis. Plaintiff could succeed "indirectly by showing that the employer's proffered explanation is unworthy of credence,"*Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), or plaintiff could succeed "directly by persuading the court that a [prohibited] reason more likely motivated the employer." *Id.*; *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1120 (8th Cir.2006). Given the posture of this case, only the second route need be analyzed by this Court. This second route focuses on the rebuttal of an employer's ultimate factual claim that there was an absence of retaliatory intent accompanying the adverse employment action. Success for Plaintiff under this second route is dependant on showing that sufficient evidence of intentional retaliation exists for a jury to believe Plaintiff's allegations and to find that Shur-Co's proffered explanation was not the true motiving explanation. *See Wallace*, 442 F.3d at 1121.

The temporal proximity between Plaintiff's complaint of race discrimination and the termination of her employment alone is not generally sufficient to demonstrate a material question of fact regarding pretext. *See Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999)(en banc). Shur-Co not only demonstrated a long period of poor performance by Plaintiff, but also

demonstrated that termination of Plaintiff's employment was considered an option long before Plaintiff complained about alleged racial discrimination. Mildred Sternhagen was Plaintiff's supervisor and for purposes of this motion the Court does consider that she made discriminatory statements about foreign workers, including the Plaintiff, at the Defendant Company. Ms. Sternhagen was not the decision maker re firing, nor was it shown that she was involved in the employer's decision-making process as to firing Plaintiff Kirkendall. Plaintiff has not presented evidence of "conduct or statements by persons involved in [the employer's] decision- making process reflective of a discriminatory attitude sufficient to allow a reasonable jury to infer that attitude was a motivating factor in [the employer's] decision to fire [the plaintiff]." *Kiel* at 1135 (quoting *Feltmann v. Sieben*, 108 F.3d 970, 975 (8th Cir. 1997)).Likewise, Plaintiff has not presented evidence of conduct or statements by persons involved in the employer's decision-making process which would allow a reasonable jury to infer that a motivating factor in the employer's decision to fire Plaintiff Kirkendall was Plaintiff voicing her claim of discrimination. Shur-Co is thus entitled to summary judgment on Plaintiff's retaliatory discharge claims. Accordingly,

IT IS ORDERED that Shur-Co's motion for summary judgment(Doc. 36) is granted with regard to all of Plaintiff's causes of action.

Dated this 26th day of May, 2007.

BY THE COURT:

*Lawrence L. Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY